ROANE, Judge.
The judgment of ihe District Court, in this case, is erroneous, in supposing that a judgment in an attachment should not be rendered against an absconding debtor, but against the garnishee only.
.By the law, in all cases where an attachment is returned executed, judgment is to be rendered against the principal. Where the attachment is returned executed on his effects, no farther judgment is necessary, but an execution issues to sell those effects: But, when it is returned executed on his monies in the hands of the garnishee, an additional judgment is necessary to condemn such monies in his hands; and as a justification, and voucher, for him, in future, against the demand of the absconding debtor.*
Both these judgments have been rendered in the present ease. The criticism of the appellee’s counsel, that an order only, and not a judgment, is rendered against tho garnishee, is almost unworthy of an answer from the Court: The effect and substance thereof is precisely the same.
*396 It may be objected, that the judgment against the absconding debtor is too general, in not stating the nature of the debt, so as to be a bar in future. The answer is, that the statement in the record, that the judgment of Hampshire Court, and the receipt in consequence thereof, were filed in this attachment (both of which are set out in hmc verba, and the' latter of which entirely corresponds with the judgment in question in relation to the sum, and the time from whence it bears interest) fully ascertains the ground of the judgment, and will serve as a perpetual bar. There is an entire analogy in this respect between the judgment, and the general judgment on forthcoming bonds. In them the judgment is general, but it is headed by the Clerk, with a description of the bond moved upon: and an annexation of such bond follows the judgment.
There is only one error, therefore, in this case. The attachment states, that Sidwell is indebted in 48¿. 15s. 5d. without demanding interest: jl’be Sheriff is required to attach so much of his estate as is sufficient to satisfy the said debt and costs; and the garnishee admitted himself indebted to the defendant á sum sufficient to satisfy the plaintiff’s demand: He did not admit himself to be indebted ultra. The demand of the plaintiff, therefore, as stated and admitted by the garnishee, including costs, and excluding interest, is that for which the judgment should have been rendered against the garnishee: Costs may be .included, not only because necessarily incidental to all judgments, but because the warrant to the Sheriff to levy expressly extends to them.
Nor should interest be included in the judgment against the absconding debtor: not only because not demanded; not only because it is beyond the warrant of the Sheriff in relation to the amount to be by him attached; but, also, by analogy to the proceeding by a surety against his principal by motion under our law, -which seems to exclude interest;* and this mode of proceeding being a substitution for that, and equally summary.
The judgment of the District Court, therefore, is to be corrected in this; and in this only.
FLEMING, Judge.
It was necessary for the County Court to decide, in the first place, whether a debt was due from Sidwell to the plaintiff: But, that done, the judg *397 iiie.nl; against the garnishee followed of course, upon his confession, that he had effects enough to satisfy the demand. Consequently, Ihe regular mode was that pursued, of first giving judgment against Sidwcll; and then ordering Blue to pay the money, as he acknowledged he was Sidwcir.s debí or, to that amount. It was objected, that it did not appear, on the face of the judgment, upon what it was founded: Rut, the papers filed in the cause, afford abundant proof of the debt; and, therefore, that objection fails. I think, however, that the Court erred in giving judgment for interest; for, being a simple contract debí, I do not see how a Court of Eaw could, in a summary proceeding like this, award it. But, this is not all; the attachment was for 48/. 15s. 5d. and the costs; which was all that the garnishee can be fairly interpreted to have confessed ho owed; and, therefore, he was chargeable with no more: Instead of which, he is ordered to pay 48/. 155. 5d. with interest and the costs: So, that under every point of view the judgment against the garnishee is erroneous. Consequently, I am of opinion, that both judgments should bo reversed, and judgment entered for 48/. 15s. 5d. only, without interest; and, that the execution and subsequent proceedings should all be set aside.
CARRINGTON, Judge.
It was certainly right to enter judgment against the defendant first, and then to order the garnishee to pay the amount. This is the usual course, and is most consistent with reason and the order of things; for, it ought to bo ascertained that the defendant owes a debt, before his property is condemned 1o satisfy it. The County Court committed an error, however, in awarding more against the garnishee, than he can be fairly understood to have confessed was in his hands: For, the attachment was for 48/. 1 os. 5d. only, and costs; and his confession ought, not to be extended further. But, the County Court bal e, ordered him not only to pay that sum, but interest. also: Which exceeds the sum confessed; and, therefore, the Court erred in this respect. If, however, interest had been demanded in the attachment, I do not see why Sidwcll should not have been condemned to pay it. But, as the debt is not sufficiently proved upon the record, although it might have been upon the trial, as the exhibits there might have been properly verified, 1 think the judgments should be reversed, and the causo sent back to the County Court io be further proceeded in, with an instruc *398 tion not to enter judgment for more than 48/. 15s. 5'd and costs without interest.
LYONS, Judge.
I am of opinion that the judgments are both erroneous. That of the County Court is so; because, it does not appear by the record that the plaintiff proved his demand against Sidioell, without which no judgment should have been rendered against him; for, although the papers filed, if properly verified, and explained by evidence, would serve as a foundation for the demand, yet they certainly do not establish it as the record at present stands: For, although the debtor made default, that Would not authorise the judgment, without legal proof of the claim; especially, as no presumption is to be allowed in cases of summary proceeding. [Waring v. Dewberry,] 1 Stra. 97; [Rex v. Croke,] Cowp. 29; [Crepps v. Durden et al.] Ib. 642; 1 T. R. 153. Besides, the observation that the judgment against the garnishee is for more, than he confessed he had, is strictly correct. I think, therefore, that both judgments should be reversed, and the cause sent back to the County Court, to be further proceeded in, with an instruction not to enter judgment for more than the 48l. 15s. 5d. and costs, without interest.
The judgment entered by this Court was as follows:
The Court being of opinion that the judgment of the District Court is erroneous, reverses it; and proceeding to give such judgment as the District Court ought to have given, is of opinion, that the judgment of the County Court is also erroneous; therefore, that judgment also, together with all the proceedings, subsequent thereto, in that Court are likewise reversed: “ And it is further considered, that the appellants recover against the said James Sidwell 48l. 15s. 5d. the sum stated in the said attachment to be due to them, and their costs by them expended in the said County Court in the prosecution of the said attachment; and, further, that the appellee, who acknowledged himself to be indebted to the said James Sidioell, in a sum sufficient to satisfy the appellant’s demand against him, do pay to them the aforesaid sum of 48l. 15s. 5d and the costs in the said County Court. ”

[* SeeWetter v. Rucker, t Brail. & Bing. *00.1

[* But see act Dec. 20, 1806, c. 87, ed. 1808, c. 116, R. C. ed. 1819.]